IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ALONZO HOYE, #86465                                                                      PETITIONER

VS.                                                     CIVIL ACTION NO.  5:18cv114-DCB-FKB

SCOTT MIDDLEBROOKS                                                              RESPONDENT

## REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Alonzo Michael Hoye. [6]. In his petition, Hoye challenges the State's calculation of his sentence.[1] Presently before the Court are Respondent's Motion to Dismiss [9], Hoye's Response [10], and Respondent's Reply [11]. For the reasons explained in this Report and Recommendation, the undersigned recommends that the Motion to Dismiss be granted, and that this action be dismissed.

### I.     PROCEDURAL HISTORY

On May 9, 2017, in the Circuit Court of Adams County, Mississippi, Hoye pleaded guilty to two counts of simple robbery pursuant to Mississippi Code Annotated § 97-3-73. [9-1]. As a part of the plea agreement, the State agreed not to pursue the habitual sentence enhancement under Mississippi Code Annotated § 99-19-83. *Id.* The Circuit Court sentenced Hoye to serve consecutive fifteen-year sentences on each count in the custody of the Mississippi Department of Corrections ("MDOC"). *Id.* However, the Circuit Court ordered that Hoye be released after serving one day of the second fifteen-year sentence, to be followed by a term of five years of

---

[1] Hoye initially filed this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. [1]. After initial review of his pleading, the Court construed it as an action brought under 28 U.S.C. § 2254. [4]. The Court further ordered Hoye to resubmit his claims on the Court's § 2254 petition form. *See* [5], [5-1]. Hoye filed his amended petition on April 3, 2019. [6] at 15. *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished)("It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it."). Prisoners' challenges to the execution of state sentences have been addressed through petitions filed pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. *Compare Jamison v. Hood*, No. 3:18cv207-M-RP, 2018 WL 6204441 (N.D. Miss. Nov. 27, 2018)(§ 2241 petition) *with Rader v. Hargett*, No. 5:09cv106-DCB-MTP, 2010 WL 4259950 (S.D. Miss. May 18, 2010)(§ 2254 petition).

Post-Release Supervision. *Id.* at 2. Thus, consistent with the sentencing order, and giving him credit for time served, the MDOC calculated his maximum discharge date as June 19, 2031. [9-3] at 2.

Hoye's maximum discharge date is not at issue in this case. Neither does Hoye challenge his guilty plea or his sentences as imposed by the Circuit Court in his petition [6]. Instead, he challenges the MDOC's calculation of his Earned Release Supervision ("ERS") date, which accounts for "Trusty Earned Time" as it accrues. *Compare id.* at 1-2 *with* [1] at 7. By Hoye's estimation, his "Trusty" status has accelerated the rate at which he is accruing good time, such that his sentence of fifteen years and one day has been reduced, not to seven and one-half years plus one day or 50% of his original sentence, but to three and one-half years plus one day. *See* [6] at 5. Thus, he argues that the MDOC has incorrectly calculated his ERS date.[2]

Hoye initially filed a request for administrative relief about this issue through the MDOC's Administrative Remedies Program ("ARP") on July 18, 2018. [9-2] at 2. His First Step Response explained that he was "sentenced to 15 years and 1 day" and that he "must serve 50%" of his sentence before he is eligible for release. *Id.* at 5. Aggrieved with this result, Hoye appealed. *Id.* at 7-10. His Second Step Response explained that although Hoye received credit for Trusty Status time, he must by law serve at least fifty percent of his sentence because he had been sentenced to a violent crime. *Id.* at 12. Petitioner signed for the Second Step Response on October 2, 2018, just below a notice stating that Hoye "has fulfilled the requirements of the

---

[2] As of August 9, 2018, Hoye's ERS date was February 21, 2028. [1] at 7. However, as of April 2, 2019, considering his accumulated "Trusty Earned Time" and other good time credits, Hoye's ERS date had been moved to June 7, 2027. [9-3] at 2. Hoye has also submitted an Inmate Time Sheet dated October 16, 2019, which shows an ERS date of October 30, 2026. *See* [14]. Thus, as Hoye has earned good time credits, the MDOC has correspondingly adjusted his ERS date.

2

Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response." *Id.*

Under Mississippi statutory and case law,[3] it appears that Hoye could have sought judicial review in either the Circuit Court of Green County, Mississippi, or the Circuit Court of Wilkinson County, Mississippi. Hoye initially filed the ARP complaint while he was housed at the South Mississippi Correctional Facility, located in Greene County, Mississippi. When he received the Second Step Response, he was housed at the Wilkinson County Correctional Facility, located in Wilkinson County, Mississippi. [9] at 4 n.6. According to Respondent, neither the Circuit Court of Greene County nor the Circuit Court of Wilkinson County has a record of any appeal by Hoye of the Second Step Response, which he received on October 2, 2018. Hoye commenced this action on October 24, 2018. *See* [1] at 4.

## II.   DISCUSSION

Petitioner has brought his petition pursuant to 28 U.S.C. § 2254, which states, in part, that:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i) there is an absence of available State corrective process; or
>
>        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

---

[3] *See Putnam v. Epps*, 63 So. 3d 547, 551 (Miss. 2011)(finding that venue for review of MDOC's ARP is determined by Miss. Code Ann. § 11-11-3(1)(a)(i), which provides that "[c]ivil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides . . . or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.").

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254(b)(1996).

Petitioner has never presented these claims to the state court, and no relief would now be available because the thirty-day period to seek judicial review of an adverse decision rendered by the ARP has now run. *See* Miss. Code Ann. § 47-5-807 (2019). Thus, Petitioner has technically exhausted his state court remedies on these claims, *see Sones v. Hargett*, 61 F.3d 410, 415-416 (5th Cir. 1995), and they would now be procedurally barred in state court. A federal court may not review the merits of a procedurally-barred claim absent a showing either of cause for the default and actual prejudice or that failure to address the claim would result in a miscarriage of justice. *Id.*

In response to the State's motion to dismiss, Hoye blames his failure to exhaust state remedies on the director of the ARP because the director failed to inform Hoye to which court he should seek judicial review. [10] at 4. Hoye's ARP history runs contrary to this assertion. The records show that between May 16, 2018, and August 15, 2018, he submitted three ARPs through the Inmate Legal Assistance Program ("ILAP") of the MDOC. [11-2]. In the thirty days following his receipt of the Second Step Response form in this case, he requested assistance from the ILAP on four occasions. *See id.* at 4. Furthermore, between May 2018 and May 2019, he requested assistance from the ILAP on almost fifty (50) occasions. *See* [11-2] at 2-6.

Hoye is also no stranger to litigation in federal court. He has pursued two other petitions for habeas corpus relief for unrelated convictions. *See Hoye v. Anderson*, Civil Action No. 5:00cv120-DCB-JCS (dismissed as untimely pursuant to 28 U.S.C. § 2244(d)); *Hoye v. Outlaw*, 5:13cv184-DCB-MTP (dismissed as untimely pursuant to 28 U.S.C. § 2244(d)). He has,

4

furthermore, had five civil actions dismissed by a federal court as "strikes" for failure to state a claim. *See* 28 U.S.C. § 1915; *Hoye v. Outlaw*, No. 3:13cv165 (N.D. Miss. Feb. 14, 2014); *Hoye v. Outlaw*, No. 3:13cv200 (N.D. Miss. Nov. 19, 2013); *Hoye v. Morrow*, No. 4:10cv124 (N.D. Miss. Dec. 3, 2010); *Hoye v. Nelson*, No. 4:07cv44 (N.D. Miss. May 3, 2007); *Hoye v. Bearry*, No. 4:06cv41 (N.D. Miss. Sept. 11, 2006). Based on the foregoing dismissals, this Court has denied Hoye permission to proceed *in forma pauperis* on three occasions in civil actions and dismissed the cases without prejudice. *See Hoye v. Blackmon-Sanders*, No. 5:17cv44-KS-MTP (S.D. Miss. June 28, 2017)(habeas portion of complaint dismissed for failure to exhaust available state remedies); *Hoye v. London*, No. 5:17cv33-DCB-MTP (S.D. Miss. June 9, 2017); and *Hoye v. Blalock*, No. 5:16cv120-DCB-MTP (S.D. Miss. Jan. 9, 2017). Accordingly, Hoye's attempt to establish "cause" fails because his record establishes that he is familiar with the ARP program, the ILAP, as well as litigation in federal court, and nothing "external" to him caused him to procedurally default his claims. *See* [11-2]; *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Hoye, moreover, has not asserted, nor does he meet, the "fundamental miscarriage of justice" exception for review, as that standard is confined to cases of actual innocence, "'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).

  Alternatively, the Court will address Petitioner's claims on the merits. *See* 28 U.S.C. § 2254(b)(2); *see also Mercadel v. Cain*, 179 F.3d 271, 276 (5th Cir. 1999). Hoye was sentenced to two counts of "simple robbery" pursuant to Mississippi Code Annotated § 97-3-73. *See* [9-1]. Under Mississippi Code Annotated § 97-3-2 (2014), the charge of "simple robbery," as found in § 97-3-73, is classified as a "crime of violence." Subsection (2) of § 97-3-2 provides that "[n]o

5

person convicted of a crime of violence listed in this section is eligible for parole or early release from the custody of the Department of Corrections until the person has served at least fifty percent (50%) of the sentence imposed by the court." Miss. Code Ann. § 97-3-2(2). Therefore, contrary to Hoye's reasoning, the statute clearly states that Hoye must serve at least fifty percent (50%) of his sentence of fifteen years and one day on both charges. Although Hoye may accumulate good time credit, and thereby push forward his ERS date, he is required by Mississippi Code Annotated § 97-3-2 to serve at least fifty percent of his sentence of fifteen years and one day. Accordingly, Hoye's claim that the MDOC has incorrectly calculated his ERS date under the Mississippi statutes is wholly without merit, and this case should be dismissed with prejudice.

### III. CONCLUSION

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of January, 2020.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE